IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-701

 No. COA21-268

 Filed 21 December 2021

 Wake County, Nos. 14 CRS 226605, 15 CRS 4735-36, 4741

 STATE OF NORTH CAROLINA

 v.

 EDWARD THORPE

 Appeal by defendant from order entered 21 October 2020 by Judge Paul C.

 Ridgeway in Wake County Superior Court. Heard in the Court of Appeals

 16 November 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Zachary K.
 Dunn, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi
 Reiner, for defendant.

 ARROWOOD, Judge.

¶1 Edward Thorpe (“defendant”) appeals from order denying his motion for

 appropriate relief (“MAR”) and habeas corpus claims therein. Defendant contends he

 is entitled to relief because his medical history poses a particular risk of serious

 illness or death from COVID-19 while incarcerated. For the following reasons, we

 affirm.

 I. Background
 STATE V. THORPE

 2021-NCCOA-701

 Opinion of the Court

¶2 Between 26 January 2015 and 29 September 2015, defendant was indicted on

 counts of breaking and entering, larceny after breaking and entering, possession of

 stolen goods, assault on a female, habitual misdemeanor assault, and establishing

 himself as a habitual felon. On 9 February 2016, defendant entered into a plea

 agreement in which he pled guilty to two counts of habitual misdemeanor assault and

 one count each of breaking and entering, larceny, and possession of stolen goods, and

 in which he also admitted his status as a habitual felon. In exchange, these charges

 were consolidated into a single judgment of 77 to 105 months imprisonment, and his

 remaining charges were dismissed. Defendant was so sentenced on 30 May 2017.

¶3 On 14 October 2020, defendant, acting pro se, filed a MAR in which he claimed

 his underlying health conditions,1 coupled with his living arrangements while

 incarcerated, made him especially susceptible to severe illness or death from the

 COVID-19 pandemic (the “pandemic”). Thus, defendant argued his “continued

 confinement in prison violate[d] his right to be free from cruel punishment under

 Article I, § 27 of the North Carolina Constitution.”

 1 Namely, diabetes and hypertension. Defendant presented minimal documentation of his
 own medical condition and failed to present any medical evidence regarding how his specific
 medical conditions place him at increased risk due to COVID-19. Instead, defendant’s MAR
 cited to various websites purportedly supporting his arguments regarding the risks of
 COVID-19. However, we will assume arguendo that his allegations regarding his health
 conditions and increased risk are accurate.
 STATE V. THORPE

 2021-NCCOA-701

 Opinion of the Court

¶4 Defendant argued “the MAR statutes were enacted as mechanisms for

 amending sentences previously believed to be lawful.” In the alternative, defendant

 sought relief under “North Carolina’s habeas statutes[,]” arguing he was entitled to

 be discharged under N.C. Gen. Stat. § 17-33(2). In conclusion, defendant requested

 that his habitual felon status be vacated, his remaining convictions be consolidated,

 his judgment be amended “without habitual felon status” and with a “Class H, Level

 VI sentence of 25-34 months[,]” “or other appropriate relief[.]”

¶5 In an order issued on 21 October 2020, the trial court denied defendant’s MAR

 as well as his request to “ ‘amend his conviction’ by way of habeas corpus” for lack of

 any statutory or appellate authority to grant the relief sought. On

 19 November 2020, defendant filed a Petition for Writ of Certiorari with this Court

 seeking review of the trial court’s order. Defendant’s petition was granted on

 16 December 2020.

¶6 Notably, on 3 February 2021, defendant was released from prison “as part of

 the Extended Limits of Confinement program.” Defendant contends, however, that

 he could still be returned to prison at this time and thus his appeal is not moot.

 II. Discussion

¶7 On appeal, defendant argues that: (A) the trial court erred in denying his

 MAR, claiming he “is entitled to MAR relief under N.C. [Gen. Stat.] § 15A-1415(b)(8)

 because the combination of his pre-existing health conditions and the risk of
 STATE V. THORPE

 2021-NCCOA-701

 Opinion of the Court

 coronavirus exposure in prison constitute cruel and unusual punishment[,]”

 rendering his sentence invalid as a matter of law; and (B) the trial court erred by

 “misapprehend[ing] the law regarding the availability of alternate habeas relief[,]”

 warranting a remand.

¶8 Because defendant is serving his sentence outside of prison, he “has therefore

 received the relief requested . . . and this case is moot.” State v. Daw, 2021-NCCOA-

 180, ¶ 12. However, because “the public interest exception applies” in this case, we

 “will proceed to address the merits . . . .” Id. ¶ 17.2

 A. Motion for Appropriate Relief

¶9 “Our review of a trial court’s ruling on a defendant’s MAR is ‘whether the

 findings of fact are supported by evidence, whether the findings of fact support the

 conclusions of law, and whether the conclusions of law support the order entered by

 the trial court.’ ” State v. Peterson, 228 N.C. App. 339, 343, 744 S.E.2d 153, 157 (2013)

 (citations omitted). “ ‘When a trial court’s findings on a [MAR] are reviewed, these

 findings are binding if they are supported by competent evidence and may be

 disturbed only upon a showing of manifest abuse of discretion. However, the trial

 court’s conclusions are fully reviewable on appeal.’ ” State v. Lutz, 177 N.C. App. 140,

 2 “Resolution of the questions presented by this appeal on the merits would therefore clearly

 affect ‘members of the public beyond just the parties in the immediate case.’ ” Daw, ¶ 17
 (quoting Chavez v. Carmichael, 262 N.C. App. 196, 203-204, 822 S.E.2d 131, 137 (2018)).
 STATE V. THORPE

 2021-NCCOA-701

 Opinion of the Court

 142, 628 S.E.2d 34, 35 (2006) (quoting State v. Wilkins, 131 N.C. App. 220, 223, 506

 S.E.2d 274, 276 (1998)).

¶ 10 N.C. Gen. Stat. § 15A-1415(b)(8), upon which defendant asserts his MAR,

 provides, in pertinent part, that relief is warranted when:

 The sentence imposed was unauthorized at the time
 imposed, contained a type of sentence disposition or a term
 of imprisonment not authorized for the particular class of
 offense and prior record or conviction level was illegally
 imposed, or is otherwise invalid as a matter of law.

 N.C. Gen. Stat. § 15A-1415(b)(8) (2019) (emphasis added).

¶ 11 Defendant argues that his sentence is invalid as a matter of law due to the

 ongoing pandemic. Specifically, defendant contends that, because of his health

 condition, his continued imprisonment constituted cruel and unusual punishment

 under the North Carolina and the United States Constitutions. He however cites no

 binding precedent stating that requiring one to serve a sentence, which was lawful

 when imposed, during pandemic times makes a sentence cruel and unusual.

¶ 12 The trial court’s judgment, sentencing defendant to 77 to 105 months’

 imprisonment, was filed in 2017, years before the pandemic had even begun. Thus,

 the original judgment, which does not on its face present any other error of law

 unrelated to the pandemic, is lawful. While we do not dispute the gravity of

 defendant’s predicament in the context of a global pandemic, and while the State may

 well have a duty to modify the conditions under which it holds individuals who are
 STATE V. THORPE

 2021-NCCOA-701

 Opinion of the Court

 incarcerated, the mere fact that one is held in prison does not give rise to a claim of

 cruel and unusual punishment or make that imprisonment invalid as a matter of law.

 Therefore, defendant had no recourse under N.C. Gen. Stat. § 15A-1415(b)(8).

¶ 13 Accordingly, the trial court did not err when it found it had “no statutory

 authority” to vacate defendant’s judgment and denied his MAR.

 B. Availability of Relief Under Habeas Corpus

¶ 14 Defendant seeks, in the alternative, relief under “North Carolina’s habeas

 statutes” merely by reference in his MAR. Specifically, defendant has not formally

 filed a Petition for Writ of Habeas Corpus, in violation of procedural formalities

 imposed by statute. In fact, N.C. Gen. Stat. § 17-7 provides:

 The application must state, in substance, as follows:

 (1) That the party, in whose behalf the writ is applied for,
 is imprisoned or restrained of his liberty, the place
 where, and the officer or person by whom he is
 imprisoned or restrained, naming both parties, if their
 names are known, or describing them if they are not
 known.

 (2) The cause or pretense of such imprisonment or
 restraint, according to the knowledge or belief of the
 applicant.

 (3) If the imprisonment is by virtue of any warrant or other
 process, a copy thereof shall be annexed, or it shall be
 made to appear that a copy thereof has been demanded
 and refused, or that for some sufficient reason a demand
 for such copy could not be made.
 STATE V. THORPE

 2021-NCCOA-701

 Opinion of the Court

 (4) If the imprisonment or restraint is alleged to be illegal,
 the application must state in what the alleged illegality
 consists; and that the legality of the imprisonment or
 restraint has not been already adjudged, upon a prior
 writ of habeas corpus, to the knowledge or belief of the
 applicant.

 (5) The facts set forth in the application must be verified by
 the oath of the applicant, or by that of some other
 credible witness, which oath may be administered by
 any person authorized by law to take affidavits.

 N.C. Gen. Stat. § 17-7 (2019).

¶ 15 As the trial court noted in its order, defendant’s MAR lacks the procedural

 requirements set out by N.C. Gen. Stat. § 17-7, particularly subsections (1), (4), and

 (5). Given these deficiencies, the trial court did not err in denying the alternative

 relief under habeas corpus.3 Our affirmation of this denial is without prejudice to

 defendant’s right to seek habeas relief with a properly supported petition.

 III. Conclusion

¶ 16 For the foregoing reasons, the trial court did not err in denying defendant’s

 MAR and the habeas corpus claim therein.

 AFFIRMED.

 Chief Judge STROUD and Judge JACKSON concur.

 3 We thus deny, per our opinion, the State’s motion to dismiss this appeal.